AO 472 (Rev. 1/25), modified by NED (4/25)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

v.

JERMAINE LEWIS,

Defendant

Case No. 8:26cr139

**ORDER OF DETENTION PENDING TRIAL**

### Part I - Eligibility for Detention

Upon the

☒ **A.** Motion of the Government for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **C. Application of Any Presumption Established Above**

☒ The defendant has not rebutted the presumption.

### Part III - Analysis and Statement of the Reasons for Detention

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

☒ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.

☒ Subject to lengthy period of incarceration if convicted.
☒ Lack of stable employment.
☒ History of alcohol or substance abuse.
☒ Prior criminal history.
☒ History of violence or use of weapons.
☒ Prior violations of probation, parole, or supervised release.
☒ Prior failure to appear in court as ordered.
☒ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
☒ Participation in criminal activity while on probation, parole, or supervision.
☒ The defendant's release poses serious danger to any person or the community.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 7/24/2026

s/ Michael D. Nelson
United States Magistrate Judge